## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL ENOCH HOWARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-6783** |
| | : | |
| **TREELINE SPORTS,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**COSTELLO, J.**                                                    **JANUARY 30, 2025**

      Plaintiff Daniel Enoch Howard initiated this civil action by filing a *pro se* Complaint against Treeline Sports, Montgomery County, the West Norriton Police Department, Officer Charles S. Naber, the Commonwealth of Pennsylvania, and Magisterial District Judge Marc A. Alfarano,[1] purporting to bring his action pursuant to 42 U.S.C. § 1983.  (ECF No. 2.)  Howard also seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Howard leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.

## I.    FACTUAL ALLEGATIONS[2]

      Howard's handwritten form Complaint is brief, unclear, and difficult to read.  However, the Court understands Howard to assert that "6 months ago or less" there was a warrant issued for his arrest based on his "falsely applying for a firearm" at Treeline Sports in Montgomery

---

[1]  The names of certain Defendants—along with grammar, spelling, and punctuation errors—in Howard's submissions are cleaned up where necessary.

[2]  The facts set forth in this Memorandum are taken from Howard's Complaint (ECF No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.  Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

County.[3]  (Compl. at 4.)  He appears to claim that this warrant was "unnecessary" because he had "asked for another chance and apologized for not understanding the application" to purchase a firearm.  (*Id.*)  West Norriton Police Department Officer Charles S. Naber took him into custody pursuant to this warrant.  (*Id.*)  The Court understands Howard to dispute the validity of the warrant for his arrest due to his perception of a difference between voluntary and involuntary commitment under the Pennsylvania Mental Health Procedures Act as it relates to prohibitions on possessing firearms.  (*See id.* at 4-5) (stating, for example, that "in applying for a firearm [the] definition of 'mental institution' was lacking," and that "201, 302, 303, 304b, 305 is different than a mental institution like an asylum or a place with beds," and that the "application has grey areas").  He asserts that he has suffered "mental anguish, emotional distress," and an "invisible injury."  (*Id.* at 5.)  He appears to seek up to $50,000 in damages.  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Howard leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Howard's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[3]  Publicly available state court records reveal that criminal charges are pending against Howard in the Montgomery County Magisterial District Court, apparently related to this incident.  *See Commonwealth v. Howard*, MJ-38101-CR-0000528-2024 (Montgomery Mag. D.J. 38-1-01).  A criminal complaint was filed on December 17, 2024, charging Howard with making a false statement and making a materially false written statement in connection with the purchase, delivery, or transfer of a firearm, in violation of 18 Pa. Stat. §§ 4904(b) and 6111(g)(4)(ii), respectively, with an offense date of August 31, 2024.  (*Id.*)  Howard was arraigned and posted bail on December 31, 2024, and he was scheduled for a preliminary hearing on January 27, 2025. (*Id.*)  The docket lists Charles S. Naber as the arresting officer and Magisterial District Judge Marc. A. Alfarano as the judge assigned to the case.  (*Id.*)

2

(2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Howard's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Howard is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

## III.    DISCUSSION

Although the Complaint is somewhat difficult to follow, even affording liberal construction, Howard fails to state a claim to relief.  The Complaint indicates an intent to bring claims against the Defendants pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  (*See* Compl. at 3.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court understands Howard's primary claim to be for malicious prosecution against Officer Naber, based on what he believes are flaws in the warrant that led to his arrest and

prosecution.  However, he has failed to plead all the elements of such a claim, and it appears that he cannot satisfy those elements at this time, because the claim is premature.  To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 557 (2024) (citing *Thompson v. Clark*, 596 U.S. 36, 43 & n.2 (2022)).  A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).  "[A] Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence.  A plaintiff need only show that the criminal prosecution ended without a conviction." *Thompson*, 596 U.S. at 49.

Howard's malicious prosecution claim is not cognizable in a civil rights action because he has not alleged that the criminal proceedings have terminated in his favor.  Indeed, it appears from the public docket that the proceeding is ongoing.  *See Howard*, MJ-38101-CR-0000528-2024.  A malicious prosecution claim is not cognizable until favorable termination is achieved, because that is when the "favorable termination" element of the cause of action is complete.  *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("Accrual is the occurrence of damages caused by a wrongful act—a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." (internal quotations omitted)); *Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989) (agreeing that "because favorable termination was a

necessary element of their section 1983 claim, [plaintiffs] neither knew nor had reason to know of the injury that constituted the basis of their actions until such termination, and that, accordingly, their section 1983 actions did not accrue under federal law until such termination"). Accordingly, the Court will dismiss Howard's claims against Officer Naber without prejudice to reassertion in a new action if and when Howard's claim accrues and he is able to plead the element of favorable termination. *See Hoyle v. Crozier*, No. 22-3049, 2022 WL 7127649, at *4 (E.D. Pa. Oct. 12, 2022) ("[T]he Court will dismiss any malicious prosecution claims because, at this time, the charges in question have not terminated in Hoyle's favor.").

Although Howard names Magisterial District Judge Alfarano as a Defendant, he includes no factual allegations as to the Judge. To the extent that he seeks damages against the Judge based on overseeing his criminal proceedings, he fails to state a claim to relief. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, generally, "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Judges are also immune from

claims based on their signing arrest warrants or overseeing preliminary hearings. *See Friend v. Vann*, 614 F. App'x 593, 596 (3d Cir. 2015) (*per curiam*) ("Friend's allegations against Judge Vann stem from her signing an arrest warrant and presiding over the trial of one of Friend's acquaintances. These are official acts, which were not taken in the absence of jurisdiction, for which she is immune from suit."); *Mendoza v. Larotonda*, 270 F. App'x 157, 159 (3d Cir. 2008) (*per curiam*) ("Judge Larotonda is immune from suit for issuing the bench warrant against Mendoza because judges enjoy a comparatively sweeping form of immunity for official acts taken in their functional capacity as judges." (internal quotations omitted)); *see also Coudriet v. Vardaro*, 545 F. App'x 99, 103 n.5 (3d Cir. 2013) (*per curiam*) (judicial immunity applied where plaintiff alleged "that Magistrate Judge Rossi's actions were illegal and unjust during his arraignment, bail hearing, and preliminary hearing"). Accordingly, Howard's claims against Judge Alfarano will be dismissed with prejudice.

Howard also names Montgomery County and the West Norriton Police Department as Defendants. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a

6

single entity for purposes of section 1983 liability." (citations omitted)).  Therefore, any claims against the West Norriton Township Police Department will be dismissed with prejudice.

As to Montgomery County itself, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  Howard does not allege that any policy of Montgomery County injured him, so his claims against the County will be dismissed.

Similarly, to the extent that Howard alleges a claim for damages pursuant to 42 U.S.C. § 1983 against the Commonwealth of Pennsylvania, such claim will be dismissed, as the United States Supreme Court has held that "neither a State nor its officials acting under their official capacities are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Accordingly, the claims for money damages Howard seeks to assert against the Commonwealth of Pennsylvania may not proceed.

As to Treeline Sports, Howard also fails to state a claim because this private company is not state actor.  Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the

State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

"To answer that question, [the Third Circuit has] outlined three broad tests generated by

Supreme Court jurisprudence to determine whether state action exists: (1) whether the private

entity has exercised powers that are traditionally the exclusive prerogative of the state;

(2) whether the private party has acted with the help of or in concert with state officials; and

(3) whether the state has so far insinuated itself into a position of interdependence with the acting

party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*,

589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).  "Action taken by

private entities with the mere approval or acquiescence of the State is not state action." *Am.

Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).  "[B]eing regulated by the State does not

make one a state actor." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 816 (2019)

(citations omitted).  Rather, to support a finding of state action, "the government must be

'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg

Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

"Complaining in person to the police or filing a civilian criminal complaint are not acts of

the State; they are acts that anyone can do.  Filing a report or a civilian complaint does not

transform a private citizen into a State actor." *Sous v. Timpone*, No. 15-7972, 2016 WL

2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45

(D.N.J. 2007)).  Participation in the related police investigation also does not render a private

person a state actor for purposes of § 1983.  *See Baack v. Rodgers*, No. 14-875, 2014 WL

4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital

and two of its employees who filed a police report regarding plaintiff's conduct because

"reporting suspicious conduct to the police—or answering police questions about that conduct—

without more, does not transform the Hospital Defendants into state actors" (citations omitted));
*Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if
Dr. Columbo intentionally provided the false information to the police, the plaintiff would still
fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2
(M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police
report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the
private citizen is a state actor for purposes of a claim brought pursuant to section 1983).

Howard appears to claim that Treeline Sports employees misinformed him about his
eligibility to purchase a firearm. This is not state action. To the extent that Howard claims that
Treeline Sports reported his application to the authorities, and that resulted in the issuance of the
warrant and his eventual arrest, such activity is also not state action. Accordingly, Howard has
failed to state a claim against Treeline Sports.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Howard leave to proceed *in forma
pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii). Howard's malicious prosecution claim against Officer Naber will be
dismissed without prejudice to reassertion in a new civil action if and when his claim accrues.
The remainder of his claims will be dismissed with prejudice. Leave to amend will not be
granted, as the Court concludes amendment would be futile. *See Grayson v. Mayview State
Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**